## Fratkin, etc., v. Wolfe et al.

*Myron A. Pinkus*, for plaintiff.
*Needle, Needle & Needle*, for defendants.

HOBAN, P. J., March 6, 1952.—In this action on a book account for goods sold and delivered plaintiff filed a petition for discovery under Pa. R. C. P. 4007. Apparently plaintiff wants to interrogate defendants to discover whether the consignees of the goods sold and delivered at the order and by the direction of defendants are agents or subsidiaries of defendants, to identify the owners and officers of such consignees, to verify delivery, to ascertain the circumstances of payment by defendants for containers of the goods so delivered, and to ascertain other matters "incidental and germane to the issues raised by the pleadings".

But as we see the issues raised by the pleadings, the only question is whether or not these defendants de-

livered certain materials to plaintiff for processing, whether plaintiff processed them at defendants' order, whether or not plaintiff delivered them to consignees as directed by defendants, and whether or not the prices for the work were as agreed to between plaintiff and defendants. All of these matters are obviously within the knowledge of plaintiff, and while the intent of the rule is to permit plaintiff to discover matters which are necessary either to the preparation of his pleading or to the presentation of a prima facie case, the rule certainly is not intended to permit a plaintiff to go on an exploration or to provide ammunition against an anticipated defense.

The petition asks for a discovery of matters which either are not relevant and material to the subject matter of the pending action as disclosed by the complaint, or which are not necessary to enable plaintiff to prove a prima facie claim. See Pa. R. C. P. 4011.

Now, March 6, 1952, the motion to permit plaintiff to take oral depositions for the purpose of discovery from defendants is denied, and the petition, therefore, is directed to be stricken from the record.